HOWE et al. v. BOOTH et al.

(Supreme Court, Appellate Division, First Department.  December 30, 1905.)

WILLS—CONSTRUCTIONS—DESIGNATION OF LEGATEES AND THEIR SHARES.

> A testator created a trust during two lives, and after a certain annual payment to each of them the trustees were to pay the balance of the rents and incomes to the surviving children of his living brothers, and to S., M., and F., descendants of L. (a brother already deceased), and to the surviving issue of any child of the living brothers first referred to, having deceased before the testator. *Held* that, where a son of one of the living brothers of testator survived the testator, his daughter was not entitled, after his death, to a share in the rents and income.
>
> [Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, §§ 1182, 1183.]

> O'Brien, P. J., and Ingraham, J., dissenting.

Appeal from judgment on Report of Referee.

Action by Edward Howe and another, as trustees under the will of Edward Leavitt, against Anna H. Booth and others, for settlement of their accounts.  From a portion of the judgment, plaintiffs appeal.  Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

George C. Kobbe, for appellants.

Stephen M. Yeaman and John A. Garver, for respondents.

CLARKE, J.  This is an appeal by the plaintiffs, as trustees, from so much of a judgment judicially settling their accounts as sustained the objection to a payment of $18.75 to the defendant Martha Morgan, and involves the proper construction of a clause of the will of Edward Leavitt.

The will creates a trust of the residuary estate to continue during the lives of two persons; and, after the payment out of the income of $2,000 per year to each, the trustees are directed—

"To pay over such surplus rents and incomes annually to the surviving children of my sister Elizabeth L. Howe, and the surviving children of my brothers Henry S. Leavitt and David Leavitt and to my nephew Sheldon Leavitt, my niece Mary L. Crosby, Frank Sheldon Leavitt (a son of my nephew Frank K. Leavitt) and my dear friends Josephine D. Crane (wife of John W. Crane, residing at Paris in the Empire of France) and Louise W. Hartt (a niece of the wife of my said brother David) and the surviving issue of any deceased child of said Elizabeth L., Henry S. or David and the surviving children of said Sheldon, Mary L., Frank S., and Josephine D., having deceased before me, to be divided between them share and share alike, such issue of any deceased child of my said sister, and of my said brothers, and such children of said Sheldon, Mary L., Frank S., and said Josephine D., to take the same portion to which his, her or their parent would have been entitled if living in equal shares; except, however, in the event of the decease during my lifetime of said Sheldon and Frank S., or of any son of either of said Elizabeth L., Henry S., David Sheldon, Mary L., Frank S., or said Josephine D., without issue, but leaving him his wife surviving, then that portion to which said Sheldon and said Frank S., and such son of said Elizabeth L., Henry S., David, Sheldon, Mary L., Frank S., and said Josephine D., so deceased would have been entitled if living, I direct shall be paid to said wife, provided she shall not have remarried during my lifetime."

Henry S. Leavitt, one of the brothers of the testator, had a son, Henry Y. Leavitt, who survived the testator, and as a "surviving child of my brother Henry S. Leavitt" received his distributive share of the surplus income so long as he lived. Martha Morgan is the daughter of said Henry Y. Leavitt, and hence the grandniece of the testator. After the death of her father, the trustees paid to her the portion of the surplus income which would have gone to her father if living, and that is the payment here objected to. The will is a long and care- fully prepared instrument, evidently the work of a skilled draftsman. Words of succession are aptly used. Nice discrimination is exercised in the use of the words "children" and "issue." With the exception of the clause under consideration, the will is clear, intelligent, and unambiguous. There is no doubt that the testator knew what dis- position he desired made of his estate, and successfully expressed his intention. It would seem, therefore, the duty of the court, in construing the will, to treat each word and each phrase in a simple and natural manner, not rejecting a clause because it may defeat the desire of a claimant, but to declare what the testator said to be the law of the case.

In disposing of this surplus income, omitting for the moment the two dear friends, he had in view, first, his nephews and nieces, "the surviving children" of his sister, Elizabeth L. Howe, and his two brothers, Henry S. Leavitt and David Leavitt. Those nephews and nieces were not named. Mrs. Howe and Henry S. and David Lea- vitt were living at the time of the execution of the will, and therefore might have had other children before testator's decease. The sister and these two brothers survived the testator. His brother Sheldon Leavitt was dead. To the children of that brother the disposition was by name as follows: "And to my nephew Sheldon Leavitt, my niece Mary L. Crosby," and then, omitting his nephew Frank K. Leavitt, the third child of his brother Sheldon: "Frank Sheldon Leavitt (a son of my nephew Frank K. Leavitt)." Thus we see a clear inten- tion in the first instance that those who were to share were his sur- viving nephews and nieces, the second generation, except that for his nephew Frank K. Leavitt he substituted his grandnephew, the son of Frank K., to wit, Frank Sheldon Leavitt. And the reason for naming some and not others is obvious. The children of his dead brother Sheldon were known. The number of children of his liv- ing sister and brothers might be increased. But with the simple ex- ception of substituting a grandnephew in one instance, his purpose was to treat all in the same degree of relationship alike. The clause proceeds:

"And the surviving issue of any deceased child of said Elizabeth L., Henry S., or David and the surviving children of said Sheldon, Mary L., Frank S., having deceased before me, to be divided between them share and share alike, such issue of any deceased child of my said sister and of my said brothers and such children of said Sheldon, Mary L., Frank S., to take the same portion to which his, her or their parent would have been entitled if living in equal shares."

That is, his first disposition was to his surviving nephews and nieces, which means, of course, being to a class those surviving at his death. But, aware of the uncertainty of life, he specifically pro-

vides, in case that any of this class die before him—"having deceased before me"—then that the share of that nephew or niece should go to the issue of any deceased child of his sister or brothers to whose children the first disposition had been made, and to the children of the named nephews and nieces; producing the result that the secondary disposition went again to those in the same degree of relationship to him as the first beneficiaries. The only possible interpretation of the words "having deceased before me," other than that indicated, would be to limit them to the nephews and nieces referred to by name immediately prior. This is obviously unsound, because the testator was treating all of his nephews and nieces, with the one notable exception, precisely alike, and the reason for naming them has been shown. To sustain the appellants' contention, the words must be absoutely disregarded. That the testator clearly had the possible decease of a beneficiary before his own death is emphasized by the remaining provision of the same clause:

"Except, however, in the event of the decease during my lifetime of said Sheldon and Frank S. [named because known], or of any son of either of said Elizabeth L., Henry S., David, Sheldon, Mary L., Frank S., or said Josephine D., without issue, but leaving him his wife surviving, then that portion to which said Sheldon and said Frank S. and such son of said Elizabeth L., Henry S., David, Sheldon, Mary L., Frank S., and said Josephine D., so deceased, would have been entitled if living, I direct shall be paid to said wife, provided she shall not have remarried during my lifetime."

That is to say, he again treated all of this class precisely alike, in case any one of them died during testator's lifetime. The provision being unambiguous, we are not called upon to look at the rest of the will. If we do, we find that in the residuary clause the beneficiaries of the surplus of the income during the continuance of the trust estate are residuary legatees, in clear language, so that there can be no failure. His nephews and nieces, his grandnephew and friends, and their children or issue, using the words with the same nice discrimination, will take. Under that provision Martha Morgan is a residuary legatee. It does not follow, however, because the residuary clause so provides that issue to the remotest generation living at the time of distribution will take, that therefore the testator meant to provide in the same manner for the enjoyment of the surplus income; such interpretation requiring the court to construe a plain provision other than grammatical construction requires, and to entirely cut out important limiting clauses. The testator intended that the enjoyment during the existence of the trust of the surplus income should be by the carefully restricted generation indicated, but that the residuary estate should go to these objects of his care or their issue to any degree of relationship to him.

The father of Martha Morgan, having survived the testator, was the direct beneficiary, and enjoyed the provision made for his benefit. The gift was exhausted. His issue is not entitled to it, but the other beneficiaries in his class are.

Judgment affirmed, with costs against appellants personally. All concur, except O'BRIEN, P. J., and INGRAHAM, J., who dissent.

INGRAHAM, J. My disagreement with Mr. Justice CLARKE in the construction to be given to the third subdivision of the third clause of this will is based upon the assumption that the testator was treating all of his nephews and nieces, with the one notable exception, precisely alike. I think he intended to make a distinction between the children of his brothers and sister and the surviving children of his deceased brother, and the two friends that he indicated as entitled to a portion of the income of the trust property. I think, therefore, that the words "having deceased before me" related only to the surviving children of "said Sheldon, Mary L., Frank S. and Josephine D.," and did not relate to the surviving issue of a deceased child of his brothers and sister.

I think, therefore, that the appellants were entitled to share in this income.